IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN CHRISTOPHER DILL,<br><br>Defendant. | Case No. 22-CR-84-JFH |

## OPINION AND ORDER

Before the Court is a notice of intent to introduce evidence of other acts pursuant to Federal Rules of Evidence 404(b) and/or 413 ("Notice") filed by the United States of America ("Government") [Dkt. No. 26] and an evidentiary supplement to the Notice [Dkt. No. 29]. Defendant Ryan Christopher Dill ("Defendant") objects to the Notice. Dkt. No. 31.

## BACKGROUND

Defendant is charged with aggravated sexual abuse in Indian country, kidnapping in Indian country, and assault resulting in serious bodily injury in Indian country. Dkt. No. 2. All three (3) counts relate to the same charged conduct, which allegedly occurred on December 25, 2021 against victim L.K. *Id.*

Defendant and L.K. are cousins who had been "running around ever since [Defendant] was released from jail." Dkt. No. 26 at 1. During the afternoon on Christmas Day 2021, L.K. presented—initially at a relative's home and later to emergency room staff—with stab wounds, facial cuts, bruising, swelling, and ligature marks. *Id.* at 1-2. She told hospital staff that "a family member" picked her up that morning and took her to a house, where he "started acting strange," hit her, stabbed her, strangled her, held her hostage, and forced her to have sex with him four (4) times. *Id.* at 2. She identified this family member as Defendant. *Id.* After the last alleged sexual

encounter, Defendant "allowed [L.K.] to leave" and she walked to another family member's home. *Id.*

The Government intends to present evidence of another alleged sexual assault by Defendant which postdated the charged conduct pursuant to Federal Rule of Evidence 413. Dkt. No. 26 at 3. On May 16, 2022, Defendant allegedly drove A.R. from a Love's truck stop to the driveway of a house in Ada, Oklahoma and then raped her while parked in the driveway. *Id.* A.R. struck Defendant, escaped, and walked away from the scene until she found a witness who helped her call 911. *Id.* The Government submitted records from the Pontotoc County Sheriff's Office regarding A.R.'s report. Dkt. No. 29-1. The records include an "offense/incident narrative" describing A.R.'s report to Deputy Brandon Hurley ("Deputy Hurley"). *Id.* at 4. A.R. told Deputy Hurley that she met Defendant at Love's and "was just going to get a ride." *Id.* She believed "this was definitely not his first time." *Id.* at 5. She said that once they arrived at the driveway she identified, Defendant locked the doors and windows of the car and choked her while he raped her for twenty (20) to thirty (30) minutes. *Id.* at 6. The documents also summarize Deputy Hurley's review of a surveillance tape from Love's, which showed A.R. and Defendant leaving and getting into the same vehicle. *Id.* at 13. A sexual assault kit is mentioned twice. *See id.* at 1, 11.

The Government has also indicated that it may seek to introduce evidence regarding Defendant's criminal history, which includes a number of convictions for violent offenses between 2004 and 2016, one charge of domestic abuse that was dismissed in 2006, and one five-year protective order entered against Defendant in 2015, pursuant to Federal Rule of Evidence Rule 404(b). Dkt. No. 26 at 4-5.

## AUTHORITY AND ANALYSIS

I. **Rule 413**

    A. *Benally* **Legal Standard**

The Federal Rules of Evidence generally prohibit "the admission of evidence for the purpose of showing a defendant's propensity to commit bad acts." *United States v. Benally*, 500 F.3d 1085, 1089 (10th Cir. 2007) (citing Fed. R. Evid. 404(a)). However, "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 413(a). "Rule 414(a) contains identical language related to accusations of child molestation." *Benally*, 500 F.3d at 1090. Because the language and standards are identical, the Court adopts the Tenth Circuit's convention of referencing evidence offered under either of these provisions as "Rule 413/414 evidence." *See id.*

> Rule 413/414 evidence
>
> must meet three threshold requirements before it may be considered for admission . . .
>
> (1) the defendant is accused of a crime involving sexual assault or child molestation;
>
> (2) the evidence proffered is evidence of the defendant's commission of another offense or offenses involving sexual assault or child molestation; and
>
> (3) the evidence is relevant.

*Id.* Once evidence meets *Benally*'s initial requirements, it is still "subject to the Rule 403 balancing test, which permits the exclusion of relevant evidence, if its probative value is substantially outweighed by the danger of unfair prejudice." *Id.* (internal quotation marks and citation omitted); *see* Fed. R. Evid. 403.

### B. *Benally* Analysis

*Benally* first requires a defendant be accused of a crime involving sexual assault or child molestation.  For purposes of Rules 413 & 414, sexual assault is defined in relevant part as "any conduct prohibited by 18 U.S.C. chapter 109A" and child molestation is defined in relevant part as "any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child [under the age of 14]."  Fed. R. Evid. 413(d)(1); Fed. R. Evid. 414(d)(1)-(2).  Defendant is charged in pertinent part with aggravated sexual abuse in Indian country in violation of 18 U.S.C. § 2241(a). Dkt. No. 2 at 1.  Section 2241(a) is part of chapter 109A.  The first requirement is met.

*Benally* next requires that the proffered evidence involves other sexual assault or child molestation.  The Government plans to introduce evidence that Defendant raped A.R., after which she was found wearing pants and a bra but no shirt.  Dkt. No. 26 at 3.  This is within the realm of sexual assault and thus the second requirement is met.

Finally, *Benally* requires the proffered evidence be relevant.  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less than it would be without the evidence."  Fed. R. Evid. 401.  Relevance of Rule 413/414 evidence is explained by its legislative history, which relied "on the premise that evidence of other sexual assaults is highly relevant to prove propensity to commit like crimes." *United States v. Batton*, 602 F.3d 1191, 1196 (10th Cir. 2010) (internal quotation marks and citation omitted); *see also* 23 Charles Alan Wright et al., *Fed. Prac. & Proc. Evid.* § 5385 (April 2020 update) ("The legislative history makes clear that the drafters and Congress believed that evidence under Rules 413, 414, and 415 is relevant to prove propensity and that this includes the defendant's propensity to commit sexual assault or child molestation.").  Defendant's alleged sexual assault of A.R. is relevant to the Government's case against Defendant concerning L.K.

because Congress has determined that examples of past sexual assault are relevant to determining whether a defendant committed a charged assault

The *Benally* threshold requirements are satisfied. The Court next turns to Rule 403.

### C. *Enjady* Legal Standard

"[A] district court must recognize the congressional judgment that Rule [413/414] evidence is normally to be admitted." *United States v. Enjady*, 134 F.3d 1427, 1434 (10th Cir. 1988). However, before allowing admission, the district court must "fully evaluate the proffered evidence and make a clear record of the reasoning behind its findings" as to Rule 403 and its required balancing test. *Benally*, 500 F.3d at 1091 (quotation omitted). To assess Rule 403's requirements in the context of Rule 413/414 evidence, courts weigh: "1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence," against "1) how likely [it is] such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct." *Enjady*, 134 F.3d at 1433.[1] No single factor of the *Enjady* test is dispositive. *United States v. Mann*, 193 F.3d 1172, 1175 (10th Cir. 1999).

---

[1] The second *Enjady* factor—probative value—involves five additional subfactors: "(1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of prior acts, (4) the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony." *Benally*, 500 F.3d at 1090-91.

5

### D. *Enjady* Analysis of Probative Value

#### 1. How clearly the prior act has been proven

Before considering the other *Enjady* factors, the Court must "make a preliminary finding that a jury could reasonably find that the 'other act' occurred by a preponderance of the evidence." *Benally*, 500 F.3d at 1090. Here, the Government submitted Pontotoc County Sheriff's Office reports summarizing witness interviews, review of video surveillance, and interactions with medical professionals regarding A.R.'s sexual assault examination. The Government has presented sufficient evidence for the Court to preliminarily find that a jury could reasonably find by a preponderance that the other alleged abuse occurred.

#### 2. Factors demonstrating probative value

To fully assess the probative value of Rule 413/414 evidence, courts must consider five additional subfactors: "(1) the similarity of the prior acts[2] and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of the prior acts, (4) the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony." *Batton*, 602 F.3d at 1198.

Defendant's alleged assaults of both L.K. and A.R. are similar because both involve him isolating the women (either in a house or a car), then confining and choking them while raping them.[3] The acts occurred within six (6) months of each other: his alleged assault of L.K. on December 25, 2021 and his alleged assault of A.R. on May 16, 2022. While there are only the two

---

[2] While the test is phrased as "prior acts," Rule 413/414 does not impose a temporal limitation—"*any* other sexual assault" may be admissible, even if it postdates the charged conduct. Fed. R. Evid. 413(a) (emphasis added).

[3] In so finding, the Court disagrees with Defendant's characterization that "[t]he only similarity between the two sexual assaults is the alleged lack of consent." Dkt. No. 31 at 11.

(2) allegations, rather than a course of conduct, their similarity and closeness in time outweigh any concern the Court would have about the frequency of prior acts. Neither party discusses any intervening events or need for evidence beyond Defendant's and A.R.'s testimony.[4] Taken as a whole, the *Batton* subfactors—particularly similarity of the other act and charged act and their close temporal proximity—demonstrate probative value and weigh toward admission.

### 3. How seriously disputed the material fact is

"The more seriously disputed the material fact, the more heavily this factor weighs in favor of admissibility." *United States v. Sturm*, 673 F.3d 1274, 1286 (10th Cir. 2012). Defendant's alleged assault of L.K. is a key issue in the case. This factor weighs in favor of admission.

### 4. Availability of less prejudicial evidence

The Government did not adequately address this issue but instead discussed the unfair prejudice factors. Since the Government did not fully develop this argument, the Court cannot conclude the Government does not have any less prejudicial evidence. This factor weighs against admission of the evidence. However, the other *Enjady* factors weigh in favor of admitting the evidence. The Court concludes the evidence has probative value favoring admission. This is not the end of the inquiry. The Court must weigh the *Enjady* factors against the unfair prejudice factors to determine if the evidence should ultimately be admitted. *Enjady*, 134 F.3d at 1433.

### E. *Enjady* Analysis of Prejudicial Dangers

### 1. Risk of improperly-based verdict

Should the Rule 413/414 evidence be presented, the Court intends to give a proper limiting instruction if requested. Because jurors are presumed to follow the Court's instructions, the Court

---

[4] The documentary evidence references a potential sexual assault kit, but the Government does not indicate in the Notice whether it plans to present these test results.

finds that the evidence of Defendant's other actions would be unlikely to contribute to an improperly based jury verdict. *See United States v. McHorse*, 179 F.3d 889, 897 (10th Cir. 1999) ("A central assumption of our jurisprudence is that juries follow the instructions they receive.").

### 2. Risk of distraction

Although the Court finds there is some risk that presenting a victim of an uncharged act to the jury will distract the jury from considering the central issues at trial, the Court does not find that this risk is severe. Testimony regarding Rule 413/414 evidence may be narrowly tailored to reflect the similarities between Defendant's treatment of L.K. and A.R. For the reasons previously discussed, Defendant's alleged conduct is relevant to the material issue in the case, and as such, the Court is not concerned that the testimony will be unduly distracting or inflammatory to the jury. Additionally, any risk of jury distraction can be minimized by the limiting instruction and the Government efficiently presenting A.R.'s testimony.

### 3. Time considerations

As discussed above, the Court believes that the strong similarities between the alleged acts may be presented efficiently and through a narrowly tailored line of questioning. Thus, the Court does not find that the Rule 413/414 evidence will be unnecessarily time consuming.

In sum, the *Benally* and *Enjady* factors weigh toward admission of evidence relating to Defendant's alleged assault of A.R. The evidence is admissible under Rule 413.

## II.   Rule 404(b)

Rule 404(b) provides, in pertinent part:

> Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.…
>
> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). There are four factors to assess admissibility under 404(b): (1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) whether the probative value of the evidence is substantially outweighed by the prejudicial effect, and (4) the availability of a limiting instruction. *Huddleston v. United States*, 485 U.S. 681, 691 (1988); *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006); *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000).

"Where evidence is offered under Rule 404(b), the [G]overnment bears the burden of showing that the proffered evidence is relevant to an issue other than character." *United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir. 2000) (internal quotation marks and citation omitted). "The [G]overnment must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the other acts evidence." *Id.* From the Government's proffer, the trial court must be able to "identify specifically the permissible purpose for which such evidence is offered and the inferences to be drawn therefrom. [A] broad statement merely invoking or restating Rule 404(b) will not suffice." *Id.* (alteration in original) (internal quotation marks and citation omitted).

Here, the Government argues that the following may be admissible under Rule 404(b): (1) in 2004, Defendant pleaded guilty to domestic abuse; (2) in 2006, Defendant was charged with domestic abuse, but the case was dismissed because prosecution witnesses could not be located; (3) in 2012, Defendant pleaded guilty to interference with an emergency telephone call and obstructing an officer; (4) in 2013, Defendant pleaded guilty to domestic abuse and adultery; (5) in 2015, Defendant was the subject of a five-year protective order; (6) in 2016, Defendant pleaded guilty to assault and battery with a dangerous weapon and possession of a controlled substance in the presence of a minor or within 1,000 feet of a school or park. Dkt. No. 26 at 4-5.

In its notice, the Government states that it "may seek to introduce evidence" of these events, as well as the 2022 assault of A.R., "to prove Defendant's intent, absence of mistake, and/or lack

of accident." *Id.* at 5. This conclusory statement alone, is insufficient prove that the other acts evidence identified in the Government's notice is relevant to any issue other than character. To meet its burden under Rule 404(b), the Government must also explain how facts of consequence may be inferred from the evidence it seeks to introduce. *Id.* It has not done so here. The Government's notice is void of any explanation or analysis regarding the potential relevancy of the evidence at issue. *See* Dkt. No. 26. Although proving intent, absence of mistake, and/or lack of accident may be a proper purpose for admitting other acts evidence under Rule 404(b), the Court cannot conclude that it is proper in this case, where Defendant has indicated that he will not raise mistake or accident as a defense and the Government has not articulated any inferences that could be drawn from the proffered evidence that would be of consequence to the issue of intent. Dkt. No. 31 at 7. The Court concludes that the Government has not shown that the other acts evidence identified in its notice is admissible under Rule 404(b).

## CONCLUSION

IT IS THEREFORE ORDERED that the evidence described in the Government's notice relating to Defendant's alleged assault of A.R [Dkt. No. 26 at 2-3] is ADMISSIBLE under Rule 413.

IT IS FURTHER ORDERED that the evidence described in the Government's notice relating to Defendant's criminal history, including the alleged assault of A.R., is NOT ADMISSIBLE under Rule 404(b).

Dated this 13th day of September 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE